**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

In re:

    YVONNE J. PRICE

| | |
|---|---|
| EMC MORTGAGE CORPORATION, } | |
|     MOVANT } | |
| } | Chapter 13 |
| v. } | Case No. 07-14576-RS |
| } | |
| YVONNE J. PRICE, } | |
|     DEBTOR } | |

**MOTION FOR RELIEF FROM STAY AND**
**REQUEST FOR ADEQUATE PROTCTION**

NOW COMES EMC Mortgage Corporation (hereinafter the "Movant"), by and through its attorneys, Ablitt & Charlton, P.C., and moves for relief from the automatic stay pursuant to 11 U.S.C. § 362 (d), Bankruptcy Rules 4001 and 9014 and MLBR 4001-1. In support thereof, your Movant states as follows:

    I.    PARTIES & JURISDICTION

1.    This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 157(a) and 157(b)(2)(G). This case is a core proceeding in accordance with 28 U.S.C. § 157 (b).

2.    The Movant, EMC Mortgage Corporation is a mortgage company with a mailing address of 2010 Main Street, Suite 800, Irvine, CA 92614.

3.    Yvonne J. Price (hereinafter the "Debtor") has a mailing address of 27 Duke Street, Mattapan, MA 02126.

## II.     RELEVANT FACTS

4.     On July 25, 2007, the Debtor filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Massachusetts.

5.     The Movant is the servicer of a Mortgage on real estate in the original amount of $324,850 given by Yvonne J. Price to Long Beach Mortgage Company on or about May 20, 2005. Said mortgage is recorded with the Suffolk Country Registry of Deeds at Book 37123, Page 65 and encumbers the premises located at 27 Duke Street, Mattapan, MA 02126. A copy of the pertinent portions of the mortgage are annexed hereto and marked as *Exhibit A*. The Movant is the servicer for Long Beach Mortgage Company.

6.     Said mortgage secures a Note given by Yvonne J. Price to Long Beach Mortgage Company in the original amount of $324,850.

7.     There is no other collateral securing the obligation.

8.     As of August 13, 2007, approximately $414,782.19 is due and owing under the terms and conditions of said Note and Mortgage.

9.     Upon information and belief and review of the Debtor's Schedules, there are no other outstanding secured encumbrances on the subject property.

10.    The total amount of the secured encumbrances on the property is currently $414,782.19.

11.    According to Schedule *A* of Debtor's Chapter 13 Petition, the fair market value (FMV) of the subject property is $406,000. The approximate liquidation value (LV) of the property, calculated by deducting the estimated reasonable and necessary expenses from the FMV, yields $378,328.64 and is comprised as follows:

| | |
|---|---|
| Debtor's Estimate of FMV: | $406,000 |
| Estimated Realtors' fees at six (6) percent: | -$24,360 |
| Estimated Tax deed stamps: | -$1851.36 |
| Anticipated closing costs: | - $750 |
| Estimated eviction proceedings costs: | -$710 |
| TOTAL | $378,328.64 |

Notwithstanding the above, the Movant reserves the right to request access to the subject property for the purpose of conducting an interior appraisal to more accurately quantify its value, in the event that the value of said property is contested by the debtor.

12. The Debtor appears to have no equity in the subject property.

13. The monthly mortgage payment of $2,707.87 is due on the first (1st) of every month and late charges of $81.24 accrue on the sixteenth (16th) of the month.

14. The Debtor has failed to remain current with the regular post-petition mortgage payments.

15. As of August 13, 2007, the Debtor is due for one (1) post-petition payment of $2,707.87, for a total of $2,707.87.

16. The Movant has also incurred attorney's fees and costs relative to this Motion for Relief in the amount of $950.00 and is entitled to reimbursement for those fees pursuant to its contract and in accordance with 11 U.S.C. 506(b).

17. The total post-petition arrearage due as of August 13, 2007 is $3,657.87 and the Movant anticipates the post-petition arrearage at time of hearing will be $6,446.98.

III.    ARGUMENT

The Movant seeks relief from the automatic stay on the following grounds:

A.  **LACK OF ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 362 (d)(1)**

19. The debtor is either unable or unwilling to offer the Movant adequate protection in the form of regular monthly mortgage payments, and pursuant to 11 U.S.C. § 362 (d)(1), cause exists to grant relief from the automatic stay on that basis; and,

20. The subject property is not necessary to an effective reorganization.

21. Pursuant to 11 U.S.C. § 362 (d)(2)(A) and (B), cause exists to grant relief from the automatic stay on these grounds.

B.  **DEBTOR'S LACK OF EQUITY AND THAT PROPERTY IS NOT NECESSARY TO AN EFFECTIVE REORGANIZATION PURSUANT TO 11 U.S.C. § 362 (d)(2)(A) and (B)**

20. The subject property has an approximate liquidation value between $243,600 and $378,328.64.

21. The subject property is subject to the Movant's secured interest of $414,782.19.

22. The debtor appears to have no equity in the property.

23. The subject property is not necessary to an effective reorganization.

24. Pursuant to 11 U.S.C. § 362 (d)(2)(A) and (B), cause exists to grant relief from the automatic stay on these grounds.

WHEREFORE, the Movant prays that:

A. EMC Mortgage Corporation and its successors and/or assigns, be granted relief from the automatic stay for the purpose of exercising its rights under its agreements with the debtor and under applicable law, including, without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises, and bringing such actions, including, without limitation, eviction proceedings, as are permissible by applicable law; or,

B.      In the alternative, for an Adequate Protection Order requiring that: (1) The Debtor becomes current with their post-petition obligations due under the Note and Mortgage, including but not limited to, taxes and insurance, late charges and legal fees and costs and, (2) That if the Debtor should fail to comply with the Adequate Protection Order, that the Movant may file a Motion, pursuant to MLBR 9013-1, with an Affidavit of Non-Compliance, and that the Court may grant Relief from the Automatic Stay without a hearing; and,

C.      The Court order such other and further relief as it deems just and proper.

Respectfully submitted,
EMC Mortgage Corporation
By Their Attorney,

ABLITT & CHARLTON, PC

Dated: August 13, 2007

/s/ Brian T. LaManna
Brian T. LaManna
BBO 657220
92 Montvale Avenue, Suite 2950
Stoneham, Massachusetts 02180
781-246-8995

CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing Motion for Relief from Automatic Stay, this day, by CF/ECF electronic filing and by first class mail, postage prepaid, upon the parties listed below.

Dated: August 13, 2007 /s/ Brian T. LaManna
Brian T. LaManna

Yvonne J. Price
27 Duke Street
Mattapan, MA 02126

John Fitzgerald
Assistant U.S. Trustee
Office of the U.S. Trustee
10 Causeway Street
Boston, MA 02222

Carolyn Bankowski
Trustee
Chapter 13 Trustee Boston
P.O. Box 8250
Boston, MA 02114

City of Boston
Water & Sewer Commission
P.O. Box 55466
Boston, MA 02205

Tax Collector
City of Boston
City Hall Plaza
Boston, MA 02108

EMC Mortgage Corp.
P.O. Box 293150
Lewisville, TX 75029-3150

EMC Mortgage Corp.
c/o Joe Lozano
P.O. Box 829009
Dallas, TX 75382

Harmon Law Office
150 California Street
Newton, MA 02458